**UNIVERSITY CREEK ASSOCIATES II, LTD., a Florida limited partnership, Plaintiff,**

v.

**BOSTON AMERICAN FINANCIAL GROUP, INC., a Delaware corporation, f/k/a Bostonia American Financial Group, Inc., and Credit Suisse First Boston Mortgage Capital LLC, a New York corporation, Defendants.**

No. 98–6643–CIV.

United States District Court, S.D. Florida.

May 31, 2000.

Steven M. Katzman, Tew, Cardenas, Rebak, Kellogg, Lehman, DeMaria & Tague, LLP, West Palm Beach, FL, for plaintiff.

Patrick Gonya, Jr., Fowler, White, et al., Miami, FL, for defendants.

### ORDER ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendants Boston American Financial Group, Inc. f/k/a Bostonia American Financial Group, Inc. and Credit Suisse First Boston Mortgage Capital LLC's (collectively, "the Boston defendants") motion for attorneys' fees and costs, and Plaintiff University Creek Associates II, Ltd.'s ("University") response thereto. The Boston defendants' motion is in two parts.

*1. Motion for fees and costs as prevailing parties:*

■ First, the Boston defendants seek to recover attorneys' fees pursuant to Fla. Stat. § 768.79 and costs pursuant to 28 U.S.C. § 1920, as prevailing parties in this action. The statutory attorneys' fees request is predicated on an offer of judgment for $25,000 served upon University on May 3, 1999. Thus, the Boston defendants seek an award of $27,448.75 for fees incurred from the date of the offer of judgment until the entry of judgment in their favor on March 24, 2000. The Boston defendants' request for reasonable costs under 28 U.S.C. § 1920 totals $5,454.25. University does not contest the Boston defendants' entitlement to these awards, but has challenged the amounts on reasonableness grounds. Specifically, University requests a reduction of the fees award by $2,098.75, to a total of $25,350.00, and disputes each of the Boston defendants' cost items. Upon examination of the disputed fees and costs, the Court overrules University's objections. Therefore, the Court concludes that the Boston defendants are entitled to recover $27,448.75 as attorneys' fees, pursuant to Fla.Stat. § 768.79, and $5,454.25 as costs, pursuant to 28 U.S.C. § 1920.

*2. Motion for fees and costs as sanctions:*

■ In the second part of their motion, the Boston defendants seek an alternative, and larger, award of attorneys' fees and costs as sanctions against both University and its counsel, pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, based on the events that have transpired in this case. Although these events have been amply documented by the Court in prior orders, a recapitulation of the most salient facts is appropriate at this juncture.

University commenced this action in state court with the filing of a four-count complaint, asserting claims for breach of contract (Count I), anticipatory repudiation (Count II), breach of duty of good faith and fair dealing (Count IV), and promissory estoppel (Count III). On June 18, 1998, the Boston defendants removed the action, based on diversity jurisdiction. Thereafter, the Boston defendants moved to dismiss the complaint. On October 21, 1998, after determining that there was no contract between the parties due to missing essential elements, the Court dismissed the three contract-based counts with prejudice. The Court concluded, however, that University had sufficiently pled its claim for promissory estoppel and denied the motion to dismiss that count. *See* Order (D.E.# 26) The Boston defendants answered the complaint as to that remaining count.

On November 2, 1998, University filed a motion for rehearing, objecting to the Court's dismissal of the contract claims. Alternatively, University sought leave to amend the complaint to allege that all of the essential elements of a contract were agreed upon by the parties. By Order dated March 31, 1999, the Court rendered the dismissal of Counts I, II and IV without prejudice and granted University leave to file an amended complaint. *See* Order on Plaintiff's Motion for Rehearing (D.E.# 46). On April 19, 1999, University filed its amended complaint, reasserting all four counts. By that time, University's original counsel had withdrawn and new counsel had entered an appearance.[1]

The Boston defendants then moved to strike as sham or false the new allegations in the amended complaint, arguing that those assertions were inconsistent with the original complaint, and with University's prior posture in this litigation. They further argued that, absent the challenged allegations, the amended complaint once again failed to state claims for breach of contract and anticipatory repudiation. Finally, the Boston defendants sought dis-

---

**1.** On March 8, 1999, University's former counsel moved to withdraw. On March 9, 1999, the Court granted the motion. On March 17, 1999, University's current counsel filed a notice of appearance.

missal of the claim predicated on promissory estoppel.

By Order dated June 22, 1999, the Court denied the motion to strike, stating:

> In granting University leave to amend Counts I, II and IV, ... the Court assumed the good faith of the representations made by University (through its attorneys, as officers of the Court) that it could properly allege the essential elements of a contract. If the facts asserted in the amended complaint are not ultimately established, University will end up in the same posture as it was prior to filing its motion for reconsideration, with one exception. University and its counsel may become subject to sanctions if, as the Boston defendants argue, they have been playing "fast and loose" with the Court. At this stage of the proceedings, however, the Court is not in a position to make such a judgment. Therefore, the Court denies the Boston defendants' motion to strike.

*See* Order on Defendants' Motion to Strike and Motion to Dismiss Amended Complaint, at 7 (D.E.# 73). With regard to the Boston defendants' motion to dismiss, the Court noted that, in opposing the motion, University had relied upon matters outside the pleadings. Therefore, pursuant to Fed.R.Civ.P. 12(b), the Court deemed the motion to dismiss Counts I, II and IV as one for summary judgment and allowed the parties additional time to file supplemental memoranda and evidentiary materials. Finally, the Court denied the Boston defendants' motion to dismiss Count III. The Court concluded that University could properly assert a promissory estoppel claim in the alternative to its breach of contract claims, subject to the Court's ruling on the motion for summary judgment. Hence, the Court advised University that if the breach of contract claims were to survive summary judgment, then, prior to trial, University would be compelled to elect which theory it would pursue (contract or quasi-contract).

In accordance with the Court's order, the Boston defendants and University filed their supplemental briefs and evidentiary materials in support of, and in opposition to, the motion for summary judgment on the three breach of contract claims. In addition, the Boston defendants moved for summary judgment as to the promissory estoppel claim. The Court granted the Boston defendants' motion as to all counts. *See* Order Granting Defendants' Motion for Summary Judgment (D.E.# 94). The Court went on to state:

> In light of this determination, the Court need not address the Boston defendants' additional argument that University's more recent allegations are barred by judicial estoppel. According to the Boston defendants, University's claims that the parties had reached an agreement as to the [missing essential element] are nothing more than a sham, designated only to evade dismissal of its claims, and are contradicted by University's previous submissions in this case. Although the Court need not consider application of judicial estoppel, the Court finds it appropriate to mention a related issue. As foreshadowed by the Court in its Order on Defendants' Motion to Strike and Motion to Dismiss Amended Complaint, University has ended up "in the same posture as it was prior to filing its motion for reconsideration, with one exception. University and its counsel may become subject to sanctions if, as the Boston defendants argue, they have been playing 'fast and loose' with the Court." *See* Order on Defendants' Motion to Strike and Motion to Dismiss Amended Complaint, at 7 (D.E.# 73).[1] In this regard, the Boston defendants may be correct in their assessment that, "This case is a sad example of the mischief that occurs when a party attempts to rewrite history to avoid dismissal of its claims." *See* Defendants' reply brief in support of motion for summary judgment, at 1 (D.E.# 92). Now that the proceedings have been concluded, the Boston defendants may choose to pursue their contention in the form of a motion for sanc-

tions, as contemplated in the Court's earlier order.

**1.** It could be said that University has ended up in a worse overall posture, since its promissory estoppel claim, which had initially survived, has also been eliminated.

*See* Order Granting Defendants' Motion for Summary Judgment, at 13–14.

Based on the Court's comments, as well as Fed.R.Civ.P. 11 and 28 U.S.C. § 1927, the Boston defendants have moved for an alternative award of fees and costs in the amounts of $35,181.25 and $8,879.03, respectively, representing the fees and costs incurred from the date when University filed its motion for reconsideration to the entry of judgment in their favor.[2] The Boston defendants argue that University and its counsel violated Rule 11(b), which provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 11(c) provides for the imposition of sanctions upon attorneys, law firms or parties who violate subsection (b), after notice and a reasonable opportunity to respond. The Boston defendants also rely on 28 U.S.C. § 1927, which states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The circumstances of this case justify the imposition of sanctions under both Rule 11 and Section 1927. Moreover, University and its counsel had ample notice of the potential for this censure as early as June 22, 1999. In opposition to the motion for sanctions, University argues that a necessary ingredient, bad faith, is lacking. It is difficult to find another way to characterize University's and its counsel's course of conduct in this action, specially in light of the Court's statement: "In granting University leave to amend Counts I, II and IV, . . . the Court assumed the good faith of the representations made by University (through its attorneys, as officers of the Court) that it could properly allege the essential elements of a contract." *See* Order on Defendants' Motion to Strike and Motion to Dismiss Amended Complaint, at 7. Therefore, the Court grants the Boston defendants' alternative motion for an award of fees and costs as sanctions against University and its counsel, jointly and severally.

With regard to the substitution of counsel that took place in March, 1999, the Court makes the following observations. University's motion for rehearing was filed by its original counsel on November 2,

**2.** In reviewing the Boston defendants' invoices, the Court found that the portion of the June 25, 1999 bill for professional services predating May 3, 1999 was omitted from this global fees request. Adding that figure of $3,376.25 to the requested amount of $35,181.25 yields a corrected total of $38,557.50.

1998. At the time the Court ruled on that motion on March 31, 1999, initial counsel had withdrawn and present counsel had appeared. The amended complaint was filed on April 19, 1999, by present counsel. Therefore, while original counsel initiated the course of litigation that has resulted in the imposition of sanctions, the Court finds that sanctions should be imposed on present counsel only. To avoid any inequitable result arising from this determination, the Court has reduced the portion of the fees and costs award for which present counsel is responsible to those incurred from the April 19, 1999 filing of the amended complaint to the entry of judgment. The Court, however, will impose the full amount of sanctions upon University.

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that the Boston defendants' motion for attorneys' fees and costs is GRANTED as follows. The Boston defendants shall recover $38,557.50 as fees and $8,879.03 as costs, said recovery to be had in the sums of $7,732.50 as fees and $887.98 as costs from University, and the sums of $30,825.00 as fees and $7,991.05 as costs from University and its counsel, jointly and severally. A separate judgment is being entered contemporaneously with this order.